UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNULFO CHAVARIN,[1]

Petitioner,

v.

DAVID HOLBROOK,[2]

Respondent.

No.  2:19-cv-1521 TLN KJN P

ORDER

I.  Introduction

Petitioner is a state prisoner, proceeding without counsel and in forma pauperis. Respondent moves to dismiss the petition on the grounds that petitioner fails to identify the claims he raises in this action.  Petitioner filed an opposition, and respondent filed a reply.  As set forth below, respondent's motion to dismiss is granted, but petitioner is granted leave to file an amended petition.

---

[1]  In his petition, petitioner's last name is noted as "Chavaria" as well as "Chavarin" (ECF No. 1 at 1), but in the attached state court filings, his last name is "Chavarin."  (ECF No. 1 at 17, 60.) The CDCR inmate locator reflects plaintiff's last name as "Chavarin," which respondent's counsel confirmed is the correct spelling of petitioner's last name (ECF No. 12 at 1 n.2).

[2]  The current Acting Warden of Chuckawalla Valley State Prison, where petitioner is presently incarcerated, is David Holbrook, who is substituted as respondent in this matter.  Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

II. <u>Motion to Dismiss</u>

   A. <u>Legal Standards</u>

   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." <u>Id.</u>  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  <u>See, e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

   Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254.  <u>See also</u> <u>Boehme v. Maxwell</u>, 423 F.2d 1056, 1058 (9th Cir. 1970) (district court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief).

   B. <u>Discussion</u>

   The instant petition violates Rule 2(c).  Petitioner alleged he is raising four grounds for relief.  In ground one, he stated, "see attached points & authorities" and "attached statement of facts."  (ECF No. 1 at 5.)  In ground two, he stated "see attached briefs."  (ECF No. 1 at 7.)  In ground three, petitioner wrote:  "Direct Appeal only."  (ECF No. 1 at 8.)  In ground four, he wrote, "Direct Appeal Only," and "see:  Direct Appeal briefs only."  (ECF No. 1 at 10.) Petitioner included no allegations in his petition that would assist respondent, or the court, in determining what four claims petitioner is bringing in this action.

   As argued by respondent, such generalized references to the attachments fail to specifically identify each of the four claims petitioner intends to bring before this court.  Although petitioner states he raises four claims, petitioner only raised two claims on direct appeal (insufficiency of evidence and sentencing error[3] claims) (ECF No. 1 at 18-19, 38-77), and only

---

[3] On direct appeal, petitioner claimed that the trial court erred when it imposed a concurrent life sentence on count 45, arguing that such sentence should have been stayed.  (ECF No. 1 at 19, 48-

1  raised one claim (insufficiency of the evidence)[4] in his petition for review before the California

2  Supreme Court (ECF No. 1 at 57-77).  Thus, the petition is unclear as to the claims petitioner

3  intends to pursue in this federal action.

4      In his opposition, petitioner again fails to identify the claims he seeks to pursue.  Rather,

5  he asks the court to liberally interpret his pleadings with leniency and understanding, and states

6  he is at a loss without counsel.  In addition, petitioner states that the prison law library is not

7  adequate and has not been operating as required.  (ECF No. 16 at 1.)

8      While courts are required to liberally construe pro se pleadings, the petition must identify

9  the claims he intends to pursue on habeas.  Hines v. Napolitano, 2007 WL 2859745 (S.D. Cal.

10  Sept. 26, 2007) (the court is not required to ferret out grounds for relief).  In order to satisfy Rule

11  2(c), petitioner must point to a "real possibility of constitutional error."  Cf. Blackledge v.

12  Allison, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted).  Because the petition

13  directs the reader to briefing that identifies only two claims, yet petitioner generically alleges he

14  raises four claims, it is unclear both to respondent and the court exactly what claims petitioner

15  intends to pursue.  The form petition specifically provides sections for petitioner to identify the

16  specific claim or ground upon which relief is sought.  A petition should be sufficiently specific to

17  permit the respondent to assert appropriate objections and defenses.  Harris v. Allen, 739 F.Supp.

18  564, 565 (W.D. Okla.1989).  Here, petitioner's failure to identify each ground for relief in the

19  petition prevents respondent from being able to assert appropriate objections and defenses.

20      Accordingly, the undersigned grants respondent's motion, but grants petitioner leave to

21  file an amended petition.  In such amended petition, petitioner must specifically identify each of

22  the claims on which he seeks federal habeas review.

23  ////

24  ////

25  _____

50.)

26

27  [4] Petitioner asked the California Supreme Court to review whether the evidence was insufficient
to support the guilty verdict on kidnapping for rape (count 45), and the true finding on the
aggravated kidnapping enhancement on count 46.  (ECF No. 1 at 62; 62-74.)  This is the same

28  claim petitioner raised on direct appeal.  (ECF No. 1 at 18-19; 38-47.)

3

III.  Exhaustion

 The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[5]  Thus, a waiver of exhaustion may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

 The petition for review appended to the petition demonstrates that petitioner has only exhausted his state court remedies as to one claim:  the insufficiency of evidence claim raised by petitioner in his direct appeal and in the California Supreme Court.  In addition, review of the docket sheet from petitioner's case in the California Supreme Court confirms that petitioner has filed no other petition for habeas relief in the state's highest court.[6]

 Thus, petitioner failed to exhaust state court remedies as to the sentencing claim he included on direct appeal because the sentencing claim was not presented to the California Supreme Court in his petition for review.[7]  Because no other claim was presented in the petition for review, it is unclear what additional claims petitioner seeks to pursue in this action.

////

---

[5]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[6]  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

[7]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

III. Conclusion

For the reasons set forth above, respondent's motion to dismiss is granted. Petitioner is granted thirty days in which to file an amended petition that clearly identifies the specific claims he raises in this habeas action. Petitioner is cautioned that failure to file an amended petition that clearly identifies the grounds on which he bases his federal petition will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 13) is granted,

2. Petitioner is granted thirty days from the date of this order in which to file an amended petition that clearly identifies what claims petitioner challenges in this action; and

3. The Clerk of the Court shall send petitioner the form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Dated: December 12, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/chav1521.mtd.hc

5