1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARNULFO CHAVARIN,                         No.  2:19-cv-01521 TLN KJN P

12              Petitioner,

13       v.                                    ORDER

14   DAVID HOLBROOK,

15              Respondents.

16

17          Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Presently before this court is petitioner's habeas petition,

19   respondent's answer, and petitioner's traverse.  (ECF Nos. 19, 21, 23.)  For the reasons set forth

20   below, the court directs the petitioner to indicate how he would like to proceed with this action.

21   I.    Exhaustion Standards

22          The exhaustion of state court remedies is a prerequisite to granting of a petition for writ of

23   habeas corpus.  28 U.S.C. § 2254(b)(1).  To waive exhaustion, respondent's counsel must do so

24   explicitly.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion cannot be implied or inferred.  A

25   petitioner satisfies the exhaustion requirement by providing the highest state court with a full and

26   fair opportunity to consider all claims before presenting them to the federal court.  Picard v.

27   ────────────────────

28   [1]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C.
     § 2254(b)(2).

                                                   1

1  Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert.

2  denied, 478 U.S. 1021 (1986).

3       The state court has had an opportunity to rule on the merits when the petitioner has fairly

4  presented the claim to that court.  The fair presentation requirement is met where the petitioner

5  has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at

6  277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were

7  before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v.

8  Harless, 459 U.S. 4, 6 (1982) (per curiam).  Instead,

9  
10  
11  
12  
> [i]f state courts are to be given the opportunity to correct alleged
> violations of prisoners' federal rights, they must surely be alerted to
> the fact that the prisoners are asserting claims under the United
> States Constitution.  If a habeas petitioner wishes to claim that an
> evidentiary ruling at a state court trial denied him the due process of
> law guaranteed by the Fourteenth Amendment, he must say so, not
> only in federal court, but in state court.

13  Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  Accordingly, "a claim for relief in

14  habeas corpus must include reference to a specific federal constitutional guarantee, as well as a

15  statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152,

16  162-63 (1996).  The United States Supreme Court has held that a federal district court may not

17  entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with

18  respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509, 510 (1982).  A mixed petition

19  containing both exhausted and unexhausted claims must be dismissed.  Id.

20  II.    Discussion

21       Petitioner raises two claims in his petition.  In claim one, he appears to argue that counsel

22  failed to object to witnesses testifying about statements made by his wife and challenges the

23  sufficiency of the evidence.  (ECF No. 19 at 15.)  In claim two, petitioner asserts that there is

24  insufficient evidence to support his convictions for kidnapping to commit rape (count 45) and

25  rape with an aggravated kidnapping enhancement (count 46).  (Id. at 22.)

26       After reviewing the record in this action, the court finds that petitioner failed to exhaust

27  state court remedies as to claim one.  Petitioner provided the following explanation for his failure

28  to exhaust claim one in his petition:

2

> These are [constitutional] grounds that need to be resolved at the
> high court. The petitioner['s] [constitutional] grounds are relevant
> to this court to consider and rule. A judgment enter[e]d against a
> defendant on a finding for which there is insufficient evidence
> violates the defendant's federal due process rights (Jackson v.
> Virginia, supra at 38). U.S. Constitution 14th amendment prohibits
> the imposition of a provision of sentence that does not conform to
> the requirements of state law.

(ECF No. 19 at 15.)  Accordingly, the petition is a mixed petition containing both exhausted and

unexhausted claims.

III.    Petitioner's Options

Because the petition contains an unexhausted claim, this court is required to give

petitioner the choice of exhausting the unexhausted claim by returning to state court or

abandoning the unexhausted claim and pursuing the exhausted claim in federal court.  Jefferson v.

Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177, 1181 (9th

Cir. 2014) (per curiam).  Accordingly, petitioner must elect to proceed in one of following four

ways.

1.      Petitioner may choose to dismiss the entire petition without prejudice.  However,

this court warns petitioner that dismissal of the present proceeding (even dismissal "without

prejudice") could contribute toward a statute of limitations bar against any federal petition he

might subsequently file.[2]

2.      Petitioner may proceed on an amended petition raising only the exhausted claim

two described above.  Petitioner should provide an amended petition if he chooses this option.

3.      Petitioner may file a request to stay this action pending exhaustion of state court

remedies with respect to the unexhausted claim pursuant to Rhines v. Weber, 544 U.S. 269

(2005).  Under Rhines, the court may stay a habeas petition containing exhausted and

---

[2] The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state postconviction or other collateral review is pending.  28 U.S.C. § 2244(d). Although 28 U.S.C. § 2244(d)(2) tolls limitations during the pendency of "a properly filed application for State post-conviction or other collateral review," limitations may not have been tolled during the pendency of the instant federal petition.  See Duncan v. Walker, 533 U.S. 167 (2001).

1    unexhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust

2    the claims in state court, (2) the claims at issue are potentially meritorious, and (3) petitioner has

3    been diligent in pursuing relief.  Id. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th

4    Cir. 2016).  Petitioner must satisfy all three factors to request a Rhines stay.  If the court grants

5    the request for a Rhines stay, the entire federal habeas petition including the unexhausted claim

6    will be put on hold.  Petitioner is not required to file an amended federal habeas petition.

7            4.        Petitioner may file an amended petition which includes only petitioner's fully

8    exhausted federal claim describe above, along with a request that the amended petition be stayed

9    pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  A Kelly stay involves the following

10   three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the

11   court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the

12   opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends

13   his petition and reattaches the newly-exhausted claims to the original petition.  Id.  This is a more

14   cumbersome procedure than a Rhines stay because it requires petitioner to file multiple amended

15   federal habeas petitions, but it does not require petitioner to demonstrate good cause for the

16   failure to exhaust.  See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).  However, this court

17   cautions petitioner that choosing this alternative may risk forfeiting consideration of the

18   unexhausted claim in this or any other federal habeas proceeding.  See McCleskey v. Zant, 499

19   U.S. 467 (1991); Rose, 455 U.S. at 520-21; see also 28 U.S.C. § 2244(d)(1) (stating that a one-

20   year period of limitation shall apply to all federal habeas petitions challenging a state court

21   judgment); Rules Governing Section 2254 Cases, Rule 9(b).  However, the court declines to

22   address at this time whether such a motion would be appropriate or timely under Mayle v. Felix,

23   545 U.S. 644 (2005).  If petitioner chooses to request a Kelly stay, he should provide an amended

24   petition.

25   IV.    Conclusion

26         In accordance with the above, IT IS HEREBY ORDERED that petitioner notify the court,

27   within thirty days from the date of this order, which of the four options he chooses.  This court

28   warns petitioner that failure to respond to the court's order may result in a recommendation that

4

1 | this action be dismissed without prejudice.

2 |       Respondent may file a reply within 14 days of receiving petitioner's response.  As part

3 | thereof, respondent shall indicate whether he opposes any request to stay and abey these

4 | proceedings pending exhaustion of petitioner's state court remedies.

5 | Dated:  December 13, 2021

6 |

7 | /chav1521.103mix

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE